IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LIBERTY FREIGHT, LLC,** | |
| **Plaintiff,** | |
| v. | Case No. 23-CV-048-JFH-MTS |
| **CS FAMILY TRUCKING, INC., PRIME PROPERTY & CASUALTY INSURANCE, INC., PRIME INSURANCE COMPANY, and EVOLUTION INSURANCE BROKERS INTERNATIONAL, LLC,** | |
| **Defendants.** | |

**OPINION AND ORDER**

Before the Court is a Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support ("Motion") filed by Prime Property & Casualty Insurance, Inc., Prime Insurance Company, and Evolution Insurance Brokers International, LLC (the "Insurance Defendants"). Dkt. No. 41. The Insurance Defendants move to dismiss the amended complaint filed by Plaintiff Liberty Freight, LLC ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Id.* at 1. For the following reasons, the Insurance Defendants' Motion [Dkt. No. 41] is DENIED.

**FACTUAL BACKGROUND**

Taking Plaintiff's allegations as true and construing them in the light most favorable to Plaintiff, as it must at this stage, the Court briefly recounts Plaintiff's allegations. On or about October 4, 2022, Plaintiff contracted with Defendant CS Family Trucking, Inc. ("Defendant Trucking") to transport a dump truck from Oklahoma to Florida. Dkt. No. 27 at 2. However, prior to contracting with Defendant Trucking, Plaintiff required proof that Defendant Trucking was

insured. *Id*. at 4.  On October 4, 2022, at Defendant Trucking's request, Plaintiff received an email from "policyservices@primeis.com" with the subject line "Certificate of Insurance for:  CS Family Trucking Inc." *Id*.; Dkt. No. 27-1.  The email contained an attached document titled "Certificate of Insurance."  *Id*.; Dkt. No. 27-2.  The Certificate of Insurance ("COI") was issued by "EIB International, LLC" and indicated that Defendant Trucking was insured by Defendant Prime Property & Casualty Insurance, Inc. and Defendant Prime Insurance Company for "Motor Truck Cargo (B)" and "Commercial Auto Liability (A)," with coverage effective as of May 20, 2022 and continuing until May 20, 2023.  Dkt. No. 27-2.  Plaintiff alleges that Defendant Evolution Insurance Brokers International, LLC does business as EIB International LLC and is the agent for Defendants Prime Property & Casualty Insurance Inc. and Prime Insurance Company with the legal authority to issue certificates of insurance on their behalf.  Dkt. No. 27 at 5.

Satisfied with the COI and believing that Defendant Trucking had insurance coverage, Plaintiff entered into the contract with Defendant Trucking for the transportation of Plaintiff's dump truck.  *Id*.  Shortly after Defendant Trucking picked up Plaintiff's dump truck on October 18, 2022, and prior to leaving Oklahoma, Defendant Trucking's transportation vehicle overturned, causing the dump truck to be damaged.  *Id*.

Following the wreck of the dump truck, Plaintiff reported the loss to the Insurance Defendants. Dkt. No. 27 at 5.  In response, the Insurance Defendants informed Plaintiff that there was no insurance coverage as the policies were cancelled on September 14, 2022—twenty (20) days prior to the issuance of the COI.  *Id*.  The Insurance Defendants further took the position that even if the policies were active at the time of the wreck, the driver of the truck for Defendant Trucking was excluded.  *Id*.

## PROCEDURAL BACKGROUND

This action was originally filed in Tulsa County District Court on January 6, 2023 and then was properly removed to this Court on February 9, 2023. Dkt. No. 2. On March 8, 2023, Defendant Prime Property & Casualty Insurance, Inc. filed a motion to dismiss. Dkt. No. 15. The Court invited Plaintiff to amend its complaint to address the alleged deficiencies set forth in the original motion to dismiss. Dkt. No. 26. Plaintiff filed its amended complaint on May 25, 2023. Dkt. No. 27. On July 5, 2023, the Insurance Defendants filed the instant Motion. Dkt. No. 41. Plaintiff filed a response in opposition [Dkt. No. 47], and the Insurance Defendants filed a reply [Dkt. No. 48]. The Motion is now ripe for decision.

## ARGUMENT AND AUTHORITY

### I. Pleading Standard

At the pleading stage, it is Plaintiff's obligation to set forth a "short and plain statement" showing it is entitled to the relief it seeks. Federal Rule of Civil Procedure 8(a)(2). Plaintiff must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (citations and quotation marks omitted). In addition, Plaintiff must demonstrate that its claim for relief is plausible; in other words, it must allege facts that, if true, would permit a factfinder to conclude that it is entitled to the relief sought. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Christy Sports, LLC v. Deer Valley Resort Company*, 555 F.3d 1188, 1191-92 (10th Cir. 2009). While Plaintiff need not recite "detailed factual allegations," his allegations must amount to more than labels, conclusions, or "formulaic recitation[s] of the elements" of its cause of action. *Twombly*, 550 U.S. at 555 (2007) (internal quotation marks and citations omitted).

However, because Plaintiff has alleged fraud, allegations concerning the fraudulent misrepresentation must be alleged with particularity. *See* Fed. R. Civ. P. 9(b); *see also Jensen v. Am.'s Wholesale Lender*, 425 F. App'x 761, 763 (10th Cir. 2011) (affirming dismissal where the complaint failed to identify the culpable defendants or their wrongful conduct). Specifically, this means that Plaintiff must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991).

## II.     Consideration of Documents

Generally, in considering a motion to dismiss, the Court must only consider the contents of the complaint itself. *Cuervo v. Sorenson*, 112 F.4th 1307, 1312 (10th Cir. 2024) (citing *Goodwill Indus. of Cent. Okla., Inc. v. Philadelphia Indem. Ins. Co.*, 21 F.4th 704, 709 (10th Cir. 2021)). However, the Court may also consider documents attached to the complaint, incorporated by reference in the complaint, or referred to in the complaint and that are central to the complaint and indisputably authentic. *Id.* (citing *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013)). Here, Plaintiff has attached to its amended complaint the October 4, 2022 email from policyservices@primeis.com and a copy of the COI. The Court will consider these documents along with the contents of the amended complaint in deciding the Motion.

The Court declines, however, to consider the documents attached to the Motion and to Plaintiff's response. Dkt. Nos. 41, 47. Pursuant to Fed. R. Civ. P. 12(d), if a motion to dismiss under Fed. R. Civ. P. 12(b)(6) presents matters outside the pleadings and these matters are not excluded by the Court, the motion must be treated as one for summary judgment under Fed. R. Civ. P. 56. Because the documents present matters outside the pleadings, the Court has excluded these materials for the purpose of deciding the Motion.

### III. Analysis of the Fraud Claim

To state a claim for fraud, Plaintiff must allege facts that, if true, would establish: (1) the Insurance Defendants made a false, material misrepresentation; (2) the Insurance Defendants made the misrepresentation either knowingly or with reckless disregard as to the truth; (3) the Insurance Defendants intended Plaintiff to act on the misrepresentation, and (4) Plaintiff relied on the misrepresentation to its detriment. *Bowman v. Presley*, 2009 OK 48, ¶ 13, 212 P.3d 1210, 1218. Again, a degree of particularity is required in making such allegations. *Lawrence Nat'l Bank,* 924 F.2d at 180.

The Court finds that Plaintiff has sufficiently alleged the first element of its fraud claim. Plaintiff alleged that on October 4, 2022, the Insurance Defendants provided Plaintiff with a COI representing that Defendant Trucking had insurance coverage on October 4, 2022. Dkt. No. 27 at 4. According to the allegations in the amended complaint, this representation was false because when Plaintiff reported the loss to the Insurance Defendants, the Insurance Defendants denied coverage stating that the policy had been cancelled on September 14, 2022, twenty (20) days prior to the date the COI was issued. *Id*. at 5. The Court finds that the issuance of the COI is a statement in and of itself. The COI represented that Defendant Trucking had insurance coverage.[1] Because the insurance policies did not in fact exist at the time the COI was issued, the COI itself was a false, material misrepresentation.

The Insurance Defendants argue that disclaimers on the face of the COI, as well as policy and coverage limits, somehow require dismissal. Despite any disclaimers, the COI still created an inference that Defendant Trucking had insurance coverage when it did not. Likewise, regardless

---

[1] Indeed, the Insurance Defendants acknowledge that the COI "identifies the existence of two insurance policies . . ." and that the COI "placed Plaintiff on notice that [ ] such policies exist . . . ." Dkt. No. 41 at 6-7.

of policy limits and specifics as to coverage, the COI still created an inference that Defendant Trucking had insurance coverage when it did not. Plainly, because Defendant Trucking did not have insurance coverage at the time the COI was issued, the COI remains a false misrepresentation.

The Insurance Defendants also argue that Plaintiff has failed to allege a false misrepresentation as to each Defendant. This argument fails as well. Plaintiff alleged that the Insurance Defendants, together, provided Plaintiff with the COI. Dkt. No. 27 at 4. The COI was issued by EIB International, LLC. Dkt. No. 27-2. Plaintiff alleges that Defendant Evolution Insurance Brokers International, LLC does business as EIB International, LLC. Dkt. No. 27 at 1. Plaintiff further alleges that Defendant Evolution Insurance Brokers International, LLC is the agent for Defendant Prime Property & Casualty Insurance Inc. and Defendant Prime Insurance Company and, therefore, had the legal authority to issue the COI on their behalf. *Id*. at. 5. The fraudulent misrepresentation of an agent may be attributed to the principal. *See King v. Horizon Corp*., 701 F.2d 1313, 1318 (10th Cir. 1983). For these reasons, the Court finds that the first element has been sufficiently pled.

The Court also finds that Plaintiff has sufficiently pled the second and third elements. Plaintiff alleges that the Insurance Defendants acted willfully in issuing the COI misrepresenting Defendant Trucking's insured status. Dkt. No. 27 at 6. The Court notes that when preparing the COI, the Insurance Defendants would have had to review and input Defendant Trucking's policy information into the COI. As the policies were cancelled at the time the COI was prepared, the misrepresentation that Defendant Trucking was insured had to have been made either knowingly or, at the very least, with reckless disregard as to the truth. Further, in issuing the COI, the Insurance Defendants had to have intended Plaintiff to act on the COI. In other words, the fact

6

that the Insurance Defendants issued the false COI is evidence of knowledge and intent. For these reasons, the Court finds that the second and third elements have been sufficiently pled.

Finally, the Court finds that Plaintiff has sufficiently pled the fourth element. Specifically, Plaintiff alleges that it "relied upon the [COI] in contracting with [Defendant Trucking] to deliver the dump truck." Dkt. No. 27 at 5. Plaintiff explains that it required proof of insurance before it would allow Defendant Trucking to transport the dump truck. *Id*. at 4. In other words, because the COI appeared to verify that Defendant Trucking had insurance coverage, Plaintiff contracted with Defendant Trucking to its detriment—Defendant Trucking did not actually have insurance coverage and Plaintiff's dump truck was damaged. For this reason, the Court finds that the fourth element has been sufficiently pled.

### IV. Direct Action

Finally, the Insurance Defendants argue that Plaintiff's amended complaint must fail as to the Insurance Defendants because Plaintiff cannot maintain a direct action against them as insurers. This argument fails. Oklahoma law does not permit a direct action against an insurer for recovery of negligence related damages under a policy. *See Fierro v. Lincoln General Ins. Co*., 217 P.3d 158, 160 (Okla. Civ. App. 2009). Here, Plaintiff is seeking recovery against the Insurance Defendants under a theory of fraud and alleges that the policies did not actually exist. The direct action principle is not applicable here.

### CONCLUSION

IT IS THEREFORE ORDERED that the Insurance Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [Dkt. No. 41] is DENIED.

Dated this 27th day of November 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE